UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BERNANDINO MARTINEZ | ) | |
| | ) | Case No. 25-cv-6706 |
| Plaintiff, | ) | |
| | ) | Judge |
| vs. | ) | |
| | ) | Magistrate Judge |
| POLICE OFFICER ERIC SANTIAGO; | ) | |
| POLICE OFFICER BRYANT HANISZEWSKI; and, | ) | |
| VILLAGE OF SOUTH BARRINGTON, | ) | Trial By Jury Demanded |
| | ) | |
| Defendants. | ) | |

COMPLAINT AT LAW

NOW COMES Plaintiff, Bernandino Martinez, by and through his attorney, David S. Lipschultz, and in support of his Complaint at Law against the Defendants, Police Officer Eric Santiago (No. 31); Police Officer Bryant Haniszewski (No. 23); and Village of South Barrington state as follows:

JURISDICTION AND VENUE

1.     This action is brought pursuant to the United States Constitution, 42 U.S.C. §1983 and §1988 (the Civil Rights Act of 1871), and the laws of the State of Illinois to redress deprivations of the civil rights of the Plaintiff, accomplished by acts and/or omissions of the Defendants and committed under color of law.

2.     This Court has jurisdiction pursuant to 28 U.S.C. §1343, §1331 and §1367.

3.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391, as the acts complained of took place in this judicial district.

1

PARTIES

4.      Plaintiff, Bernandino Martinez ("Martinez"), is a resident of the City of Chicago, County of Cook, State of Illinois.

5.      At all relevant times herein referenced, Defendant Police Officer Eric Santiago, No. 31 ("Officer Santiago"), was employed by the Village of South Barrington as a sworn police officer.  He is sued in his individual capacity.  At the time of the incident at issue in this Complaint, Officer Santiago was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

6.      At all relevant times herein referenced, Defendant Police Officer Bryant Haniszewski, No. 23 ("Officer Haniszewski"), was employed by the Village of South Barrington as a sworn police officer.  He is sued in his individual capacity. At the time of the incident at issue in this Complaint, Officer Haniszewski was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

7.      At all relevant times herein referenced, Defendant, Village of South Barrington, is a governmental entity formed pursuant to the laws of the State of Illinois.  Officers Santiago and Haniszewski ("Defendant Officers") were employed by Village of South Barrington as sworn police officers, and at the time of the incident at issue the Defendant Officers were acting within the scope of their employment for Village of South Barrington and under color of law.

ALLEGATIONS

8.      On the afternoon of March 29, 2025, Martinez was located in his vehicle travelling eastbound on Route 62 in South Barrington, Illinois.

9.      Officers Santiago and Haniszewski pulled Martinez's vehicle over to the side of the road on Route 62 near Bridlewood Trail for an alleged suspended vehicle registration.

2

10. Defendant Officers questioned Martinez and accused him of being the subject of an arrest warrant issued in Guadalupe County, Texas for Sex Abuse of Child and Indecency with a Child by Exposure.

11. Defendant Officers escorted Martinez to the South Barrington Police Station.

12. Defendant Officers falsely arrested Martinez on charges of being a Fugitive from Justice, based on an out of state warrant.

13. The warrant used to justify Martinez's arrest by the Defendant Officers was for a "Bernardino C Martinez" and not the Plaintiff, Bernandino Martinez.

14. Martinez was incarcerated at South Barrington Station, the Hoffman Estates Police Station and Cook County Jail for several days.

15. Several days after his false arrested, Martinez was released from custody and Defendant Officers' false criminal charges against him were dropped.

16. As a result of the Defendants Officers' conduct Dean suffered emotional injuries, constitutional violations, loss of liberty, and other losses and expenses.

COUNT I
42 U.S.C. §1983 FALSE ARREST
AGAINST OFFICERS SANTIAGO AND HANISZEWSKI

17. The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 16.

18. Defendant Officers did not have probable cause or any other legal basis to arrest the Plaintiff.

19. The actions of the Defendant Officers violated the Plaintiff's Fourth Amendment Rights and were in violation of said rights protected by 42 U.S.C. §1983.

WHEREFORE, the Plaintiff, Bernandino Martinez, prays for judgement against Police Officer Eric Santiago (No. 31) and Police Officer Bryant Haniszewski (No. 23) for compensatory damages, punitive damages, the costs of this action, attorney's fees pursuant to 42 U.S.C. §1988, and such other and additional relief as this Court deems equitable and just.

COUNT II
42 U.S.C. §1983 FOURTH AMENDMENT CLAIM
AGAINST OFFICERS SANTIAGO AND HANISZEWSKI

20. Plaintiffs re-allege and incorporate herein the allegations of paragraphs 1 through 16.

21. Defendant Officers, knowing that probably cause did not exist, acted individually, jointly and/or in a conspiracy to cause Plaintiff to be prosecuted, knowing the prosecution lacked probable cause, and failed to intervene to prevent Plaintiff's prosecution.

22. In so doing, Defendant Officers violated the Plaintiffs' rights to be free from unreasonable seizure guaranteed to him by the Fourth Amendment of the United States Constitution.

WHEREFORE, the Plaintiff, Bernandino Martinez, prays for judgement against Police Officer Eric Santiago (No. 31) and Police Officer Bryant Haniszewski (No. 23) for compensatory damages, punitive damages, the costs of this action, attorney's fees pursuant to 42 U.S.C. §1988, and such other and additional relief as this Court deems equitable and just.

COUNT III
ILLINOIS LAW CLAIM - INDEMNIFICATION
AGAINST CITY OF CHICAGO

23. The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 22.

24. Illinois law provides that public entities are directed to pay any tort judgment for

4

compensatory damages for which employees are liable within the scope of their employment activities.

25.     At all times relevant to this incident, Defendant Officers were employees of the Village of South Barrington, and they acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, the Plaintiff, Bernandino Martinez, prays that should this Court enter judgment in their favor and against Police Officer Eric Santiago (No. 31) and/or Police Officer Bryant Haniszewski (No. 23), the City of Chicago will be ordered to pay the Plaintiff any judgment for compensatory damages obtained against those Defendants.

<u>JURY DEMAND</u>

Plaintiff prays for trial by jury.

Respectfully submitted,

BERNANDINO MARTINEZ


<u>/s/ David S. Lipschultz</u>
David S. Lipschultz


David S. Lipschultz
Law Offices of David S. Lipschultz, Inc.
200 S. Michigan Avenue, Suite 201
Chicago, Illinois 60604
Telephone: 312-414-1778
Fax: 312-414-1887
Email: david@dsllawoffice.com

5